Daniel, J.
 

 The hundred dollars, as
 
 it
 
 seems to us, was to be applied by the defendant to the use of the schooling and education of the plaintiff, in that way and at that time, that should appear to be of most advantage to the said
 
 boy.
 
 And if the defendant should, not have it in his power to apply the fund to the schooling and education of the
 
 boy,
 
 then the same should sink in the general legacy. We do not think that the sum was to be raised for the general advancement in life of the plaintiff, and it does not appear that it ever was in the power of the defendant to apply it to the education of the plaintiff; nor is it now claimed by him for that purpose, but absolutely. The law is, if a bequest be to, or in trust lor, a legatee,
 
 to
 
 put him out apprentice, or prepare him lor Priests’ orders, or to advance him in any business or profession, it is an absolute bequest to such legatee. This is, however, rvhen the legacy is not given over to another, in the event the first object of the testator cannot be affected.
 
 Nevile
 
 v.
 
 Nevile,
 
 2 Vern. 430.
 
 Barton
 
 v.
 
 Grant,
 
 2 Vern. 254.
 
 Barton
 
 v.
 
 Cocke,
 
 5 Ves. 451.
 
 Cope
 
 v.
 
 Wilmot,
 
 Amb.
 
 704. Sherwood
 
 v.
 
 Ryme,
 
 5 Ves. 667. In the case before us, the testator leaves the legacy in the hands of a trustee, to use it for schooling and educating the said
 
 boy,
 
 in that way 'and at that time, that shall appear to be of the most ad
 
 *61
 
 vantage to him, if the trustee should have it in his power; and, if not, the fund is to remain with the rest of the property, before given to the trustee, for the benefit of the trustee. The ■ plaintiff now insists, that he is absolute owner of the $ 100; and he demands it on that ground only. Suppose he was to get it and would never thereafter go to school, what would become of the words in the will, which give the said $100 to the defendant in that event ? Why, they would be nullified. That, it seems- to us, would be contrary to all the known rules of construction on wills. We think, that the testator intended the $100 for his brother, unless it should he wanting lor the schooling of the plaintiff We therefore think, that, the decree, dismissing the bill, was right, and that it must be affirmed;
 
 but
 
 without costs in this Court.
 

 Per Curiam.
 

 Decree accordingly.